# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ROMEO MAGANA, VICTORIA MAGANA,
and EDWARD MAGANA,

    Plaintiffs,

v.                                                  Case No.: 1:23-cv-00894-MLG-JMR

THE GOODYEAR TIRE & RUBBER COMPANY;
FCA US LLC;
KEY SAFETY SYSTEMS, INC.;
LITHIA MOTORS, INC. d/b/a LITHIA CHRYSLER
DODGE JEEP RAM FIAT OF SANTA FE;
LITHIA CJDSF, INC.;
PAIGE PYKE and MARTIN PYKE,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION
## TO REMAND AND DENYING REQUEST FOR ATTORNEY'S FEES

      This matter comes before the Court on Plaintiffs Romeo Magana, Victoria Magana, and Edward Magana's (collectively "the Maganas") Motion to Remand, Request for Attorney Fees, and Authorities in Support, filed November 9, 2023. Doc. 12. Having reviewed the parties' submissions and the applicable law, and having held a hearing on July 29, 2024, Doc. 23, the Court grants the motion in part and denies the motion in part.

## BACKGROUND

      Romeo Magana was seriously injured in a single-vehicle accident. Doc. 18-2 at 1. According to the complaint, Magana was riding in the front passenger seat of a 2007 Dodge pickup when the rear passenger tire blew out, causing the vehicle to roll over. Doc. 18-1 at 12. Magana and his parents (Victoria and Edward) sued and asserted various causes of action for negligence, strict liability, and breach of warranty against various entities and individuals—including, inter

1

alia, Defendant FCA US LLC ("FCA")—in the First Judicial District Court of Santa Fe County, State of New Mexico on March 25, 2022. *See generally id* (Complaint, *Magana v. The Goodyear Tire & Rubber Co.* (*Magana I*), D-101-CV-2022-00509 (1st Jud. Dist. Ct. Mar. 25, 2022)).

FCA's connection to the events precipitating Magana's injury was attenuated. It did not manufacture Magana's pickup, the (purportedly) defective tire, nor did it have any part in the sale of the vehicle. *See* Doc. 18-1 at 4, 9-10. It was named as a party because it had previously purchased Chrysler LLC's ("Chrysler") assets (and many of its liabilities) in the course of Chrysler's bankruptcy proceedings. Doc. 18-2 at 2-3. For these reasons, FCA asserted that its liability, if any, directly implicated orders issued by the bankruptcy court and removed the matter pursuant to 28 U.S.C. § 1452.[1] Doc. 18-5 at 4.

The Maganas subsequently filed a motion to remand; they also sought attorney's fees. *See* Doc. 18-2 (*Magana v. Goodyear Tire & Rubber Co.*, No. 1:22-cv-00379, 2023 U.S. Dist. LEXIS 16477 (D.N.M. Jan. 31, 2023)). The Court granted both requests, noting that the Maganas sought to hold FCA liable for its own post-bankruptcy conduct and thus its liability did not arise out of a bankruptcy proceeding. *Id.* at 11.

The matter was remanded to state court, but the Maganas' litigation once again sputtered. Their case was dismissed for improper venue. After having their suit tossed out, the Maganas filed the present action in the Second Judicial District Court of Bernalillo County, State of New Mexico. Doc. 1-4 (Complaint, *Magana v. The Goodyear Tire & Rubber Co.* (*Magana II*), D-202-CV-2023-05703 (2nd Jud. Dist. Ct. July 20, 2023)). Defendant Key Safety Systems, Inc. ("KSS") was served

---

[1] 28 U.S.C. § 1452(a) allows a party to remove a civil claim to the district court "if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334]." Under Section 1334, federal district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11" of the United States Bankruptcy Code. 28 U.S.C. § 1334(b).

2

with the Summons and Complaint for *Magana II* on September 11, 2023. *Id.* at 39. It subsequently filed its Notice of Removal on October 11, 2023. *See generally* Doc. 1. Like FCA in *Magana I*, KSS asserted that its alleged liability arose out of a bankruptcy proceeding, and federal jurisdiction was therefore proper pursuant to 28 U.S.C. § 1452. *Id.* at 4.

The Maganas once again filed a motion to remand arguing that (1) KSS's removal was untimely filed, (2) KSS failed to obtain consent of all other defendants, and (3) the removal was merely an attempt to relitigate an issue already decided in *Magana I*. Doc. 12 at 1-2, 11. The Maganas also request attorney's fees, arguing that KSS had no objectively reasonable basis for removal. *Id.* at 15-16.

## DISCUSSION

### I.  Timeliness of Removal

Courts "uniformly agree that when an action is dismissed without prejudice—even when voluntarily so by the plaintiff—and subsequently re-filed, a new 'action' is commenced for purposes of removal." *Beebe v. Flores*, CIV-11-1381, 2012 U.S. Dist. LEXIS 4174, at *2 (W.D. Okla. Jan. 12, 2012). Therefore, even if claims are virtually identical, the clock begins to run for removal based on the date of service of the formal complaint in the current action. *See West v. Bd. of Shawnee Cnty. Comm'rs*, Civ. No. 19-3090, 2019 U.S. Dist. LEXIS 136235, at *4, 7 (D. Kan. Aug. 13, 2019); *see also KJY Inv., LLC v. 42nd & 10th Assocs., LLC*, Civil Action No.: 20-2834, 2020 U.S. Dist. LEXIS 239502, at *10 n.4 (D.N.J. Dec. 21, 2020) (collecting cases).

This legal authority is dispositive on the question of timing. *Magana I* was dismissed without prejudice for improper venue. Doc. 12-1. *Magana II*—a new lawsuit—was filed thereafter. Doc 1-4. Because a new action was commenced, the Maganas were obligated to serve KSS (along with the other Defendants). KSS received the service of process for *Magana II* on September 11,

3

2023, *id.* at 39, and filed its notice of removal on October 11, 2023, within the thirty-day window required by 28 U.S.C. § 1441. Doc. 1. Defendant's removal was therefore timely.[2]

### II.     Consent Not Required Under 28 U.S.C. § 1452

The requirements for consent differ depending on the type of removal. Removal under Section 1441 requires unanimous consent of all "defendants."  28 U.S.C. § 1446(b)(2)(A). By contrast, the bankruptcy removal statute, 28 U.S.C. § 1452(a), speaks to a singular "party." This language indicates that Congress did not intend to require the consent of all parties for bankruptcy removal, *Anstine & Musgrove, Inc. v. Calcasieu Refin. Co.*, 436 B.R. 136, 142 (D. Kan. 2010), and the majority of courts interpreting the statute (including the Fourth and Second Circuits) are in accord.[3] *Id.* at 139 (collecting cases).

The Maganas disregard this textual distinction, arguing that removal was improper because KSS did not obtain the consent of all defendants pursuant to Section 1446(b)(2)(A), which requires that all defendants join in or consent to removal for all civil actions "removed solely under Section 1441(a)." Doc. 12 at 8, 15. However, Section 1441 is not the basis of KSS's removal, which was predicated on Section 1452. Doc. 18 at 13-14; *see generally* Doc. 12. KSS was therefore not obligated to obtain unanimous consent from its co-defendants.

---

[2] The Maganas argue that *Magana I* and *Magana II* are substantially the same case and that the thirty-day period began on the date the service of the complaint was effectuated in *Magana I*. Doc. 12 at 13-15. The Maganas cite *Jeffrey M. Goldberg & Associates v. Collins, Tuttle & Co.*, 739 F. Supp. 426 (N.D. Ill. 1990) [hereinafter "*Tuttle*"], in support of their position, but that case is not on point. Doc. 12 at 8. In *Tuttle*, the district court considered (and rejected) the defendant's argument that an amended complaint so fundamentally changed the nature of a case that it was proper to construe the pleading as a "substantially new suit" thereby restarting the period for removal. 739 F. Supp. at 430. That (non-binding) decision does not address the specific issue presented here.

[3] The Tenth Circuit has yet to weigh in on the issue but noted the different requirements of the two statutes in *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 323-25 (10th Cir. 1994).

4

**III.        Proper Removal Under 28 U.S.C. §1452**

Claims "arising in or related to" cases under Title 11, may be removed to district court if such jurisdiction is proper under 28 U.S.C. § 1334(b). 28 U.S.C. §1452(a). A matter relates to a Title 11 case when it "could conceivably have an effect on the bankruptcy estate." *Telluride Asset Resol., LLC v. Telluride Glob. Dev., LLC (In re Telluride Income Growth LP)*, 364 B.R. 390, 398 (B.A.P. 10th Cir. 2007) (quotation omitted). For post-confirmation bankruptcy estates in which there is no longer an estate to affect, the Tenth Circuit has not yet adopted a test for determining which claims "relate to" a Title 11 case. *HRV Santa Fe, LLC v. Wolf*, Adv. Proc. 20-01002-t, 2024 Bankr. LEXIS 1303, at *31-32 (Bankr. D.N.M. June 4, 2024). The Third, Ninth, and Fourth Circuits have adopted a "close nexus" test which the District Bankruptcy Courts in the Tenth Circuit have applied and which they predict the Tenth Circuit will eventually adopt. *Id.* The "close nexus test" provides that a case may "relate to" a bankruptcy proceeding if it requires interpretation of a bankruptcy reorganization plan. *See Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Courtyard)*, 729 F.3d 1279, 1287 (9th Cir. 2013)

Applying this test to the instant facts, the Court finds that KSS's had a sound legal basis for removing this matter. The Bankruptcy Court for the District of Delaware approved a "Plan of Reorganization" which expressly precludes the imposition of liability for "Plan Sponsor Parties"—such as KSS—for the knowledge or conduct of any debtor prior to the effective date, including product liability claims. Doc. 1 at 2-3; Doc. 1-3 at 2-3. Thus, determining whether KSS assumed liability for products manufactured by the debtor requires an interpretation of the bankruptcy plan of reorganization, and the lawsuit therefore "relates to" a Bankruptcy Case under Title 11, making removal under Section 1334 proper.

5

The Maganas argue that the issue of removal in this case was already decided in *Magana I*, but they misconstrue the reasoning and holding in that decision. Doc. 19 at 1. There, the Court held that when a claimant seeks to hold a bankruptcy asset purchaser liable for the purchaser's own post-bankruptcy activity then the claim likely did not arise in and out of bankruptcy. Doc. 18-2 at 8 (citing *Powell v. FCA US LLC*, No. 3:15-CV-393, 2015 U.S. Dist. LEXIS 110718 (M.D. Ala. Aug. 21, 2015); *Dearden v. FCA U.S. LLC*, No. 5:16-cv-00713, 2017 U.S. Dist. LEXIS 48751 (E.D. Pa. Mar. 31, 2017); *Quesenberry v. Chrysler Grp. LLC*, Civil No.12-48, 2012 U.S. Dist. LEXIS 107380 (E.D. Ky. July 31, 2012)). Conversely, claims seeking to hold a bankruptcy asset purchaser liable for the pre-bankruptcy conduct of the debtor entity likely arise in and out of bankruptcy. *See* Doc. 18-2 at 9.

Here, KSS's removal is based on the *pre-bankruptcy* conduct of the *debtor entity*. Doc. 1 at 3-5. KSS acquired assets of the debtor entity from TK Holdings, an affiliate of Takata, as part of a 2018 transaction approved by the United States Bankruptcy Court in 2018. *Id*. The Maganas assert that KSS is liable for a defective product that was manufactured by the debtor and installed in the vehicle in 2006—ten years before KSS acquired any of the debtor's assets. Doc. 1-4 at 6, 12, Doc. 1 at 3. Because the claim at issue alleges liability for the pre-bankruptcy conduct of a debtor entity, the Maganas' claim relates to a bankruptcy case under Title 11 and removal under Section 1334 was proper.

### IV.     Permissive Abstention

Under 28 U.S.C. § 1334(c)(1), the Court may abstain from hearing a case "arising in or related to" bankruptcy when it is "in the interest of justice, or in the interest of comity with State courts or respect for State law." "The Court 'may raise permissive abstention *sua sponte*,' and abstention is within the Court's sound discretion." *In re Bartley Indus.*, No. 21-12565, 2023 Bankr.

LEXIS 262, at *6 (Bankr. W.D. Ok. Feb. 2, 2023) (citing *In re Salazar*, No. 15-13194ts13, 2016 Bankr. LEXIS 4375, at *10 (Bankr. D.N.M. Dec. 19, 2016)). Relevant considerations include, inter alia, "the extent to which state law issues predominate over bankruptcy issues"; "the presence of related proceedings commenced in state court or other non-bankruptcy courts"; "the jurisdictional basis, if any, other than 28 U.S.C. § 1334"; "the degree of relatedness or remoteness of the proceedings to the main bankruptcy case"; "the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court"; "the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties"; "the existence of a right to jury trial"; "and the presence in the proceeding of non-debtor parties." *Snowcap, Ltd. v. Sinclair*, Civ. No. 98-424, 1998 U.S. Dist. LEXIS 24400, at *5 (D.N.M. Aug. 21, 1998). The factors should be applied flexibly. *Loraca Int'l, Inc. v. Loughborough (In re Loraca Int'l, Inc.)*, No. MC-03-0009, 2003 U.S. Dist. LEXIS 30630, at *7 (D.N.M. Dec. 29, 2003) (quotation omitted). Where abstention is exercised, remand under 28 U.S.C. § 1452 is appropriate. *See Rand v. Empire Funding Corp.*, 132 F. Supp. 2d 497, 503 (S.D. Miss. 2000) (holding that because Sections 1452 and 1334(c) are "similar in purpose and spirit, circumstances which weigh in favor of discretionary abstention or dictate mandatory abstention under the respective subsections of section 1334(c), likewise weigh in favor of or constrain remand under section 1452(c)"); *Montoya v. Curtis (In re Cashco, Inc.)*, 614 B.R. 715, 726 (Bankr. D.N.M. 2020) (citing *Premier Hotel Dev. Grp. v. Premier Hotel Dev. Grp.*, 270 B.R. 243, 258 (Bankr. E.D. Tenn. 2001) ("[T]he presence of factors suggesting discretionary abstention pursuant to 1334(c)(1) and factors requiring mandatory abstention under 1334(c)(2) provide[ ] ample equitable grounds for remand of the lawsuit to state court.")).

The relevant factors weigh in favor of permissive abstention. The tort claims in this case are governed by state law and all Defendants are non-debtor parties. *See generally* Doc. 1-4. Further, the claims at issue here are remote from Takata's bankruptcy proceeding and the Maganas have cited no other basis for federal jurisdiction. Doc. 1 at 5. The Court will therefore abstain from hearing this proceeding and remand under 28 U.S.C. § 1452 is appropriate.

## V.     Request for Attorney's Fees

"An order remanding a case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). The party seeking attorney's fees must show "that the removal was improper *ab initio*." *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997). KSS's basis for removal was objectively reasonable given that many entities have successfully invoked federal jurisdiction under Section 1452 when facing claims regarding the pre-bankruptcy behavior of a bankrupt entity. *See, e.g. Powell*, 2015 U.S. Dist. LEXIS 110718, at *4; *Dearden*, 2017 U.S. Dist. LEXIS 48751, at *3. The Court therefore denies the Maganas' request for attorney's fees. Doc. 12 at 15-16.

## CONCLUSION

The Court grants the Maganas' motion to remand but denies the corresponding request for attorney's fees. Doc. 12. It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

8